IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

STACY L. DENNIS and MICHAEL    )
HILL, for themselves and on behalf of    )
those similarly situated,    )
    )
                    Plaintiffs,    )
    )
vs.    )    Case Number CIV-08-469-C
    )
WATCO COMPANIES, a corporation, and    )
RICHARD WEBB, an individual,    )
    )
                    Defendants.    )

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs, employees of two different railroads (SKOR and SLWC) that are both
wholly owned and operated by Defendants, filed a Complaint alleging violations of the Fair
Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq. According to Plaintiffs, Defendants
are their joint employers and are directly involved in all key decisions of the railroads,
including employment decisions, policy-making, work schedules, and all significant
operational decisions. Plaintiffs further allege that the railroads and Defendant Watco jointly
carry out rail service and related operations. Defendants filed the present Motion to Dismiss,
arguing that, if Defendants are Plaintiffs' joint employers along with the railroads, as alleged,
then Defendants are both carriers pursuant to the Interstate Commerce Act and therefore
exempt from the provisions of the FLSA.

In considering a Rule 12(b)(6) motion to dismiss, a court must accept the complaint as
true and must construe all facts in the light most favorable to the plaintiff. Seamons v. Snow,
84 F.3d 1226, 1231-32 (10th Cir. 1996). Consistent with the liberal pleading standards of

Fed. R. Civ. P. 8(a)[1], the plaintiff need not plead detailed factual allegations, but the face of the complaint must indicate a plausible right to relief that is not simply speculative. <u>James River Ins. Co. v. Ground Down Eng'g, Inc.</u>, 540 F.3d 1270 (11th Cir. 2008). A complaint containing only conclusory allegations without any factual support will not survive a motion to dismiss. <u>Briscoe v. LaHue</u>, 663 F.2d 713, 723 (7th Cir. 1981). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Bell Atl. Corp.</u>, 550 U.S. 544, 563 (2007).

The FLSA provides that employees must be paid overtime for any hours they work in excess of forty in any given week. <u>See</u> 29 U.S.C. § 207(a)(1). However, the FLSA expressly exempts employers "engaged in the operation of a rail carrier subject to [the Interstate Commerce Act]" from its maximum hour requirement. § 213(b)(2). The Interstate Commerce Act defines a rail carrier as "a person providing common carrier railroad transportation for compensation." 49 U.S.C. § 10102(5). Therefore, employees of companies or other individuals who operate rail carriers do not have viable claims against their employers for violations of § 207(a)(1).

---

[1] Fed. R. Civ. P. 8(a) provides that "A pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." This has been interpreted to require the complaint to provide sufficient notice to the defendant regarding what the plaintiff is claiming and the grounds upon which the claim is made. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

Neither party disputes that SKOR and SLWC are rail carriers. Accepting Plaintiffs' allegations as true, it is clear that Defendants are "engaged in the operation of a rail carrier."[2] Plaintiffs contend that Defendants are "directly involved in employment decisions of SKOR and SLWC"; their employees are "involved in policy-making; decision-making; directions; assignment; scheduling of work; and work practices"; Watco's managers "make, or approve, all significant operational decisions"; Watco is "involved in daily activities with customers, dispatching, scheduling trains, [and] dealing with the Federal Railroad Administration"; and that Watco and the railroads "jointly carry out rail service and related operations." Accepting such allegations as true, as the Court must, it is clear that Defendants are "engaged in the operation of a rail carrier" and are therefore exempt from § 207 of the FLSA.

Accordingly, Defendants' Motion to Dismiss (Dkt. No. 55) is GRANTED. Because Plaintiffs' claims fail as a matter of law, they are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 25th day of February, 2010.

ROBIN J. CAUTHRON
United States District Judge

---

[2] Defendants may even qualify as rail carriers themselves. According to the Surface Transportation Board, in the context of a purchase of a rail line by the parent corporation of a rail carrier, "significant involvement by the parent holding company in the operations and management of the carrier subsidiary, to the extent that the latter is essentially the "alter ego"D' (sic) of the former, might lead to a finding that the transaction involves an acquisition of an active rail line by a carrier." Wheeling Acquisition Corp.- Acquisition and Operation Exemption - Lines of Norfolk & Western Railway Company Wertheim Schroder & Co., Inc. - Continuance in Control Exemption - Wheeling & Lake Erie Railway Co., Nos. 31591, 31675, 1990 WL 300645, at *4 (I.C.C. Dec. 14, 1990).